**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ANDREW JONES, | : | Case No. 1:26-cv-724 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett<br>Magistrate Judge Stephanie K. Bowman |
| BMW OF CINCINNATI NORTH, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cramerton, North Carolina, submitted a Complaint in this Court without paying the filing fee or moving for leave to proceed *in forma pauperis*. (Doc. 1). The Court issued a Deficiency Order on July 28, 2026, ordering Plaintiff to either pay the full filing fee or to file an application to proceed *in forma pauperis* within thirty (30) days of the date of the Order. (Doc. 4). Plaintiff was advised that his failure to comply with the Order may result in the dismissal of this action. (*Id.* at PageID 17).

To date, more than thirty (30) days after the July 28, 2026 Order, Plaintiff has failed to respond to or otherwise comply with the Order of the Court.

A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action. *See Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R.

Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's July 28, 2026. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** without prejudice for lack of prosecution.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).